IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-00035-CR-W-HFS |
| | ) | |
| CORY LAVELLE SMITH | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Having considered defendant's motion to suppress (Doc. 24), the audio and video recordings, the transcript of the hearing, and briefing by the parties, I ADOPT the Report and Recommendation "R&R" (Doc. 99), and GRANT the motion to suppress (Doc. 24).

In this criminal matter, defendant (and co-defendants) were indicted by a grand jury on various counts of sex trafficking, transportation of a minor for prostitution, and interstate transportation for prostitution. (Doc. 31). The issue before this court is whether defendant's statements to law enforcement during a custodial interrogation should be suppressed. Based on evidence adduced at an evidentiary hearing, Magistrate Judge W. Brian

1

Gaddy submitted findings of fact which are not disputed. Instead, the Government opposes suppression of defendant's statements, and argues that the totality of the circumstances demonstrated that defendant's decision to speak to the interrogating agents was knowing and intelligent.

The dispute before me revolves around <u>Miranda</u> rights, and waiver, if any, of those rights. At the commencement of the interview, defendant was accurately informed of his rights as Agent Kixmiller read the Statement of Rights to him. However, Agent Kixmiller then deviated from the written statement of rights by informing defendant that counsel **would not** be appointed unless he was **officially charged**. Thus, defendant would be on his own if he continued to converse with the agents, at that early morning hour or even the next day, until charges were filed (the filing of which would of course be undesirable and hopefully might be avoided if defendant continued to talk to the agents).

While defendant was advised of his right to remain silent, the Miranda warning itself suggests that the agents are not his adversaries but temporary advisers, and being summoned to converse at a very early hour suggests that a discussion is expected. Actions speak louder than words.

The critical issue here, as discussed in Judge Gaddy's thorough and convincing Report and Recommendation, is that the agent twice contradicted the Miranda requirement that a suspect be "clearly advised" of his right to a lawyer "with him during interrogation". 384 U.S. at 471. This was apparently most recently restated on behalf of members of the present Court in <u>Florida v. Powell</u>, 559 U.S. 50, 60-64 (2010).

In considering the totality of circumstances here, the Government fails to demonstrate that defendant knowingly and intelligently waived his <u>Miranda</u> rights. <u>United States v. Doerr</u>, 2020 WL 6729385 *8 (D.Minn.).

Accordingly, the motion to suppress (Doc. 24) is GRANTED.

SO ORDERED.

/s/ Howard F. Sachs

**HOWARD F. SACHS**

UNITED STATES DISTRICT JUDGE

August 31, 2021

Kansas City, Missouri